IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: <br><br> Data Security Cases Against NELNET SERVICING LLC | Case No. 4:22-cv-3191 |

### DEFENDANT NELNET SERVICING, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO KATHLEEN CARR, KEEGAN KILLORY, AND KELSIE POWELL'S MOTION TO INTERVENE

Defendant Nelnet Servicing, LLC submits this memorandum of law in opposition to the motion to intervene. For the reasons stated below, this Court should conclude that intervention is not proper in this matter.

### I.     INTRODUCTION

Kathleen Carr, Keegan Killory, and Kelsie Powell (collectively, "Movants"), plaintiffs in the class action lawsuit captioned *Carr, et al. v. Oklahoma Student Loan Authority and Nelnet Servicing, LLC*, No. 5:23-cv-00099 (W.D. Okla.) (the "Oklahoma Action") seek to intervene in the class action lawsuit pending before this Court (the "Nebraska Action") based on the claim that this Court does not have jurisdiction to approve a settlement releasing the claims against Oklahoma Student Loan Authority ("OSLA") because OSLA cannot be sued in Nebraska. The Movants' claim that this Court does not have jurisdiction to approve a settlement over their claims is simply incorrect under the identical factual predicate rule. *See Ali v. Wells Fargo Bank, N.A.*, No. Civ-13-876-D, 2014 WL 819385, *2 (W.D. Okla. Mar. 3, 2014) (holding that a settlement in a separate action based on the same factual predicate as another case resolves all of the claims in the prior

1

case, regardless if plaintiffs' claims are relying on a legal theory or theories different from that relied upon in the settling case) (attached hereto as **Exhibit "A"**).

Both the Nebraska Action and Oklahoma Action arise from the same 2022 incident where an online platform that Nelnet licensed to OSLA and Edfinancial Services, LLC ("Edfinancial") for their use in providing student loan services to borrowers was targeted by a cybercriminal (the "Data Incident"). Nelnet provided notice to impacted individuals who were both OSLA and Edfinancial customers. The Consolidated Amended Class Action Complaint in the Nebraska Action ("Nebraska Complaint") pleads a broad putative national class of "[a]ll persons in the United States whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Nationwide Class")." *See* ECF No. 51 at ¶ 353.

The Movants allegations in the Oklahoma Action are substantially similar to the allegations brought in this Court. The Oklahoma Action seeks to represent a class of "[a]ll persons residing in the United States who received a Notice Letter from OSLA and had their PII compromised by an unknown third-party cybercriminal as a result of the Data Breach that occurred in or around June 2022 through July 2022." *See* Oklahoma Amended Complaint ("Oklahoma Complaint") ¶ 172 (attached hereto as **Exhibit "B"**). The Nebraska Action plainly encompasses the claims of the Movants and their putative class.[1]

The Parties in the Nebraska Action and OSLA have been engaged in settlement discussions to resolve all claims of the national class. On January 29, 2024, in Nelnet's view, the Parties in the Nebraska Action and OSLA reached a settlement in principle in writing with certain details

---

[1] A comparison between the Consolidated Amended Class Action Complaint in the Nebraska Action Nebraska Complaint (ECF No. 51) with the Oklahoma Complaint (Exhibit B) plainly indicates that both actions arise out of the same 2022 data incident involving the online platform licensed by Nelnet to OSLA and Edfinancial. *See* ECF No. 51 at ¶¶ 73-76; Exhibit B at ¶¶ 28-32.

remaining to be addressed. The Parties to the Nebraska Action and OSLA continue to be in communication with the goal of further memorializing the settlement within a settlement term sheet. The proposed national settlement in the Nebraska Action involves the same Data Incident of which the Movants complain. The Oklahoma borrowers who the Movants would represent if a class were certified in Oklahoma are subsumed in the national class whose claims would be extinguished if this Court were to grant approval of the settlement of the Nebraska Action. Intervention is unnecessary.

**II.  ARGUMENT**

    **A.  The Movants' Claims In The Oklahoma Action Will Be Resolved By The Nebraska Action Settlement Pursuant to the Identical Factual Predicate Doctrine.**

Movants assert that their claims in the Oklahoma Action cannot be resolved by the proposed settlement in the Nebraska Action because the "gravamen of Movants' claims focuses on OSLA's negligence in hiring and failing to supervise Nelnet, which is not in the Nebraska Action." *See* ECF No. 84 at p. 3. While the premise of the Movants' argument is true – the Nebraska Action does not assert claims against OSLA – their conclusion that a settlement in this Court would not resolve claims against OSLA is incorrect.

Class action settlements may contain broad releases for claims similar to, but not necessarily identical with, claims asserted in the settling case. The reason being is because "defendants and their cohorts would otherwise face nearly limitless liability from related lawsuits in jurisdictions throughout the country. Practically speaking, class action settlements simply will not occur if the parties cannot set definitive limits on defendants' liability." *Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 396 F.3d 96, 106 (2d Cir. 2005) (cert. denied) (citations and internal quotation marks omitted).

Plaintiffs, Nelnet, Edfinancial, and OSLA are focused on a settlement of the Nebraska Action whose terms are broad enough to encompass all of the Movants' claims against OSLA. There will be no remainder. Both case law and public policy favor the finality of settlement over the chaos of repeated litigation. "[I]n order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled action." *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982), cited with approval in *Thompson v. Edward*, 992 F.2d 187, 190-91 (8th Cir. 1993). Similarly, the same court where the Movants case is now pending found that a settlement in another jurisdiction "will likely prevent class members from subsequently asserting claims relying upon a legal theory or theories different from that relied upon in the class action complaint, but depending upon the same factual predicate." *See Ali*, No. Civ-13-876-D, 2014 WL 819385, *2 (W.D. Okla. Mar. 3, 2014) (Exhibit A hereto). Whether or not the Movants' claims are identical to those asserted by Plaintiffs in the Nebraska Action is irrelevant to whether they survive. The only issue that affects their survival is whether they stem from actions covered by that settlement. Because they do, they will be foreclosed by the general release that will be executed in the settlement of the Nebraska action.

The Movants further argue that they should be permitted to intervene because OSLA cannot be sued in Nebraska and the statutory remedies under the Oklahoma Governmental Tort Claims Act ("OGTCA") are unique to Oklahoma. Whether the remedies provided by the claims in the separate suit differs is irrelevant. *See Matsushita Elec. Indus. Co., Ltd. V. Epstein*, 516 U.S. 367, 367-77 (1996) ("a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and ***might not have been presentable in the class action***" (emphasis added)); *Ass'n for*

4

*Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 471 (S.D. Fla. 2002) ("federal class action settlements containing a release of state law claims are both common and presumptively valid").

### B. No Prejudice Would Result From Denying The Movants' Motion To Intervene.

To the extent that the Movants believe that the settlement in the Nebraska Action is unfair or otherwise inappropriate, the approval proceedings to be conducted by this Court provide a forum for them to raise any issues. If approved, the settlement will resolve the class claims in the Oklahoma Action. If the settlement is denied, the Movants will be free to continue to pursue their claims in Oklahoma.

### III. CONCLUSION

For the foregoing reasons, Nelnet Servicing, LLC respectfully requests that the Court deny the Movants' Motion to Intervene.

Dated: March 27, 2024              **Respectfully submitted**,

/s/ Claudia D. McCarron
Claudia D. McCarron*
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-4770
cmccarron@mullen.law
*Admitted Pro Hac Vice*

**PERRY, GUTHERY LAW FIRM**
Charles F. Kaplan
Daniel F. Kaplan
233 South 13th Street
Suite 1400
Lincoln, NE 68508
(402) 476-9200
ckaplan@perrylawfirm.com

*Counsel for Defendants, Nelnet Servicing, LLC*

5

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 27, 2024, a copy of this Response was filed electronically with the United States District Court for the District of Nebraska and served on all counsel of record through the CM/ECF system.

                */s/ Claudia D. McCarron*
                Claudia D. McCarron